**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210254-U

Order filed May 10, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of 10th the Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0254 Circuit No. 08-CF-1506 |
| | ) | |
| DOMINIC A. EPPINGER, | ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Brennan and Peterson concurred in the judgment.

**ORDER**

¶ 1      *Held*:   The court did not err by summarily dismissing defendant's postconviction petition.

¶ 2      Defendant, Dominic A. Eppinger, appeals the first-stage dismissal of his postconviction petition arguing that the Peoria County circuit court erred by dismissing it because he stated the gist of a claim that his sentence violates the proportionate penalties clause of the Illinois Constitution. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4          In 2010, a jury found defendant guilty of attempted first degree murder (720 ILCS 5/8-4(a) (West 2008)), two counts of armed robbery (*id.* § 18-2(a)(2)), aggravated battery with a firearm (*id.* § 12-4.2(a)(1)), and unlawful use of a weapon by a felon (*id.* § 24-1.1(a)). Defendant was 21 years, 2 months old at the time of the offenses.

¶ 5          At sentencing, defense counsel argued that the court should take defendant's youth and rehabilitative potential into account when imposing the sentence. The court sentenced defendant to an aggregate term of 95 years' imprisonment. On direct appeal, our supreme court affirmed his conviction. *People v. Eppinger*, 2013 IL 114121, ¶ 44.

¶ 6          On March 2, 2021, defendant, as a self-represented litigant, filed a postconviction petition. The petition alleged that the court failed to consider his age and rehabilitative potential before imposing his sentence. It further alleged that defendant, who was raised by a single father, had an impulse control disorder, and had been diagnosed with attention deficit hyperactivity disorder (ADHD) that had been inadequately treated, was neurologically more of an adolescent than an adult and should have been treated as an emerging adult at sentencing. Defendant argued that because the court did not treat him as an emerging adult and consider his age and rehabilitative potential at sentencing, it violated the proportionate penalties clause of the Illinois Constitution by sentencing him to a *de facto* life sentence.

¶ 7          On May 10, 2021, the court summarily dismissed defendant's petition. In its written decision, the court found that defendant's emerging adult theory was not yet accepted by Illinois courts. It further found that defendant, by merely alleging that he was young and had an impulse control disorder, had not sufficiently alleged how that theory applied to him.

¶ 8          Defendant filed a motion to reconsider, which the court denied. Defendant now appeals.

¶ 9                                   II. ANALYSIS

¶ 10          Defendant argues that the circuit court erred by summarily dismissing his postconviction

petition. He argues that his *de facto* life sentence violates the proportionate penalties clause as

applied to an offender over the age of 18.

¶ 11          The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a

process for a defendant to claim his conviction resulted from a denial of a constitutional right.

*People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, defendant must only state the gist of

a constitutional claim. *Id.* The petition must "set forth the respects in which petitioner's

constitutional rights were violated." 725 ILCS 5/122-2 (West 2020). The circuit court may

summarily dismiss a petition at the first stage if it finds all the claims therein are frivolous or

patently without merit. *Hodges*, 234 Ill. 2d at 16. A claim is patently without merit if it has no

arguable basis in law or fact, meaning it is based on a violation that does not exist or a legal

theory that is positively rebutted by the record. *Id.* at 16-17. We review summary dismissals of a

first stage postconviction petition *de novo*. *Id.* at 9.

¶ 12          Although the threshold at the first stage is low, a defendant must still provide adequate

documentary support to corroborate the allegations alleged in his petition. See 725 ILCS 5/122-2

(West 2020) ("The petition shall have attached thereto affidavits, records, or other evidence

supporting its allegations or shall state why the same are not attached."). The failure to comply

with section 122-2 is fatal and by "itself justifies the summary dismissal of defendant's

postconviction petition." *People v. Harris*, 366 Ill. App. 1161, 1167 (2006).

¶ 13          While defendant argues in his petition that he had untreated ADHD and an impulse

control disorder, these diagnoses are not supported by any affidavits, medical records, or

evaluations. The record reflects no explanation by defendant as to why medical reports

3

substantiating these diagnoses are not attached to the petition. By not attaching such records or explaining their absence, defendant failed to comply with section 122-2 of the Act. 725 ILCS 122-2 (West 2020). Accordingly, the Act precludes us from relying on these purported diagnoses.

¶ 14        Defendant also cites scientific studies on brain development but has not provided any evidence regarding how these studies specifically apply to him and his own brain development at the time he committed the offenses. Finally, defendant points to several Illinois appellate court decisions, including *People v. House*, 2021 IL 125124, but makes no effort to explain how his case is similar to these cases, or to indicate the basis on which this court should find that any of those cases are applicable to defendant's case. This lack of explanation is important, as there is a significant distinction regarding the instant case and the cases cited: those defendants were under the age of 21, and there is little support for extending the emerging adult theory to those over 21 years old. See, *e.g.*, *People v. Green*, 2022 IL App (1st) 200749, ¶ 42; *People v. Kruger*, 2021 IL App (4th) 190687, ¶ 32; *People v. Suggs*, 2020 IL App (2d) 170632, ¶ 35.

¶ 15        Without any independent corroboration regarding defendant's diagnoses or explanation as to how the emerging adult theory should apply to defendant, the petition is unsupported and insufficient to proceed to a second-stage hearing. Accordingly, we find that it was not error for the circuit court to summarily dismiss defendant's postconviction petition.

¶ 16                                    III. CONCLUSION

¶ 17        The judgment of the circuit court of Peoria County is affirmed.

¶ 18        Affirmed.